UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TSUNG H. HSU, <br><br> Plaintiff, <br><br> v. <br><br> THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant. | No. <br><br> COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT <br><br> JURY DEMAND |

COMES NOW Plaintiff, Tsung H. Hsu, who alleges as follows:

**I.   PARTIES, JURISDICTION, AND VENUE**

1.1

Plaintiff is a Washington State resident with his principal address located in Marysville, Snohomish County, Washington.

/

/ /

/ / /

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 1

1.2

At all times material herein, Plaintiff was insured under individual disability income ("IDI") policy number D1852882 (the "IDI Policy"), issued by The Northwestern Mutual Life Insurance Company ("Defendant").

1.3

Defendant is a foreign corporation doing business in Washington, whose primary place of business is located in the State of Wisconsin.

1.4

At all times material herein, Defendant insured, administered, and paid IDI claims under the IDI Policy.

1.5

The matter in controversy, exclusive of interest, attorney fees, and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000); as such, this court has diversity jurisdiction over this matter.

1.6

A substantial part of the events or omissions that give rise to this action occurred in Snohomish County, Washington; thus, venue is appropriate in this District pursuant to LCR 3(e)(1).

## II.   FACTUAL ALLEGATIONS

2.1

Plaintiff is a physician specializing in interventional pain management. His primary occupational duties include the performance of surgery.

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 2

2.2

Around January 15, 2017, Plaintiff became disabled.

2.3

Plaintiff's claim for IDI benefits was based on lateral epicondylitis of the right elbow and a high-grade partial tearing of the supinator and common extensor tendon in the right elbow.

2.4

Plaintiff's symptoms include constant right elbow pain, which is exacerbated by wrist extension or elbow flexion.

2.5

Plaintiff was awarded full IDI benefits by Defendant of $15,000 per month from March 8, 2018 through June 8, 2018.

2.6

In a letter dated August 26, 2019, Defendant denied Plaintiff's claim for additional IDI benefits ("Denial"), alleging that Plaintiff did not qualify for benefits prior to March 8, 2018, or after June 8, 2018.

2.7

The Denial allows Plaintiff to submit an appeal.

2.8

On October 4, 2019, Plaintiff advised Defendant in writing of his representation by counsel and of his intent to seek review of the Denial under the terms of the IDI Policy ("Initial Request").

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 3

2.9

Within the Initial Request, and in order to adequately appeal his case and obtain a full and fair review, Plaintiff requested copies of all documents that Defendant relied upon in denying Plaintiff's IDI benefits. Plaintiff informed Defendant that any appeal would follow receipt of the requested documents.

2.10

On October 17, 2019, Plaintiff's counsel received an initial response from Defendant to his request for documents ("Initial Response"). The Initial Response was postmarked October 14, 2019, although the Defendant's letter was dated October 9, 2019.

2.11

In the Initial Response, Defendant refused Plaintiff's request for most or all of the substantive documentation upon which the Denial was based.

2.12

On October 18, 2019, Plaintiff renewed his request to Defendant for all documentation relied upon in making the IDI benefits determination in the Denial ("Renewed Request"). Among other things, the Renewed Request specifically informed Defendant of the potential for a filing under the Insurance Fair Conduct Act ("IFCA").

2.13

On November 1, 2019, Plaintiff's counsel received a response from Defendant to the Renewed Request ("Second Response"). In the Second Response, Defendant

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 4

again denied Plaintiff's request for information that Defendant relied upon in denying Plaintiff's IDI benefits. Defendant also alleged no awareness of any rules or regulations that should compel compliance with the Renewed Request.

2.14

Plaintiff has complied with all contractual requirements of the IDI Policy, including but not limited to the submission of sufficient medical proof of his ongoing medical condition.

2.15

Plaintiff has not received sufficient documentation from Defendant, in response to his Initial and Renewed Requests, in order to appeal directly to Defendant.

### III.   STATUTORY COMPLIANCE

3.1

On December 2, 2019, more than twenty days prior to the commencement of this action, Plaintiff served a 20-day IFCA notice of potential lawsuit on Defendant and on the Office of the Insurance Commissioner, thus satisfying the requirements imposed by RCW 48.30.015(8)(a).

3.2

In the IFCA notice of a potential lawsuit, Plaintiff advised Defendant that the reasons for claims were founded both on RCW 48.30.015(1) and RCW 48.30.015(5)(a)-(f).

/

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 5

3.3

The opportunity for Defendant to reverse its decisions in response to Plaintiff's IFCA notice expired on December 22, 2019.

### IV.     FIRST CLAIM – BREACH OF CONTRACT

4.1

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

4.2

Plaintiff has at all times performed all stipulations, conditions, and agreements required of him under the IDI Policy, including but not limited to submission of evidence sufficient to prove he is disabled as defined by the Policy.

4.3

Defendant wrongfully denied Plaintiff's claim for IDI benefits.

4.4

Defendant breached the IDI Policy by failing to pay Plaintiff the IDI benefits to which he is entitled under the IDI Policy.

4.5

As a direct and proximate result of Defendant's breach of contract, Plaintiff has sustained damages.

/

/ /

/ / /

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 6

## V.   SECOND CLAIM – BAD FAITH

5.1

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

5.2

Defendant had a duty to deal with its insured in good faith.

5.3

Defendant's wrongful denial of Plaintiff's IDI benefits is a breach or failure of its duty to deal in good faith with its insured.

5.4

Defendant wrongfully denied Plaintiff's reasonable requests for documentation upon which Defendant relied when denying Plaintiff's IDI benefits.

5.5

Defendant further breached or failed in its duty to deal in good faith with its insured when wrongfully denying Plaintiff's reasonable requests for documentation upon which Defendant had relied in denying Plaintiff's IDI benefits, which documentation could have allowed for an adequate appeal.

5.6

As a direct and proximate result of Defendant's breach or failure of its duty to deal in good faith with its insured, Plaintiff has sustained damages.

/

/ /

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 7

## VI.   VIOLATION OF IFCA

6.1

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

6.2

Pursuant to RCW 48.30, *et seq.*, Defendant's denial of Plaintiff's claim for benefits and its claims handling in this case constitute unreasonable conduct entitling Plaintiff to all statutory relief so provided, including the trebling of damages, attorney's fees, and litigation costs.

6.3

The above-alleged actions of Defendant are in violation of RCW 48.30.015, WAC 284-30-330, WAC 284-30-350, WAC 284-30-360, and WAC 284-30-370. Said violations constitute alternative grounds for the violations of Washington's IFCA, entitling Plaintiff to the statutory relief provided by said Act.

6.4

Plaintiff is entitled to relief pursuant to the IFCA, in addition to the other causes of action pled herein, as such is specifically provided by statute.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.   For all gross unpaid monthly IDI benefit payments from January 15, 2017 through the date of judgment;

/

/ /

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 8

B.    For a declaration that Defendant breached its contractual duty to Plaintiff by wrongfully denying Plaintiff's IDI claim, and estopping Defendant from continuing to deny Plaintiff's IDI claim;

C.    For a declaration clarifying Plaintiff's rights under the IDI Policy, holding that absent a material improvement in his medical condition such that Plaintiff is no longer deemed Disabled under the IDI Policy, Plaintiff is entitled to receive his full monthly benefit under the IDI Policy for its remaining term;

D.    For all damages shown at trial which proximately flow from Defendant's breach of contract;

E.    For all damages shown at trial which proximately flow from Defendant's breach of or failure to act in good faith;

F.    For all damages shown at trial which proximately flow from Defendant's violation of RCW 48.30, *et seq.*, including but not limited to, treble damages and reasonable attorney's fees and costs;

G.    For Plaintiff's attorney fees and costs incurred by bringing this action;

H.    For prejudgment and post-judgment interest; and

I.    For such further relief as the court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 9

DATED this 20th day of January, 2020.

*s/ Jesse Cowell*
Jesse Cowell, WSBA 50725
Chris Roy, WSBA 29070
R. Darrin Class, WSBA 21925
Roy Law Group
1000 SW Broadway Suite 900
Portland, OR 97205
PH:    503-206-4313
FAX:  855-344-1726
jesse@roylawgroup.com

COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, AND VIOLATIONS OF IFCA

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 10