The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TSUNG H HSU,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No. 2:20–cv–00088–TSZ<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>NOTE ON MOTION CALENDAR:<br>March 2, 2021 |

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

For the good cause of manifest error, Plaintiff Tsung Hsu respectfully moves the Court to reconsider the grant of summary judgment on the discrete issue of the recoverable "Claim Period" in the Order partially granting and partially denying summary judgment, pursuant to LCR 7(h). Dkt. 38 at 5–6.

Plaintiff respectfully submits that the Court erred in ruling that Plaintiff cannot obtain any benefits prior to March 2018 under the Policy's proof of loss provision and in granting Defendant Northwestern Mutual Life Insurance Company ("NWM") partial summary judgment on that basis. Dkt. 38 at 5–6. Specifically, the Court appears to have conflated NWM's arguments regarding the "Claim Period" issue (a standard policy condition, the breach of which will not allow an insurer like NWM to avoid its coverage obligations unless it can show prejudice) with the question of whether a covered claim arises under an insurance policy's coverage period (which an insurer can use to avoid coverage without showing prejudice under certain circumstances). The Policy's "Claim Period" provision is clearly an example of the former. Moreover, because the Court properly *denied* NWM summary judgment on the question of "Prejudice" (which comprises the second half of the Order's section on "Timeliness," *id.* at 5–7), the Court has already found that NWM cannot show prejudice, and the only way to logically reconcile this finding with the "Claim Period" issue is to grant reconsideration and reverse the grant of partial summary judgment to NWM.

This conclusion is compelled by Judge Martinez's ruling in almost identical circumstances—*i.e.*, concerning the <u>exact same</u> "proof of loss" policy provision invoked by the <u>very same defendant here</u>, NWM—to hold that NWM was not entitled to summary judgment against a similarly situated insured who submitted a similarly late disability

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 1

claim under Washington's notice-prejudice rule. *George v. Northwestern Mut. Life Ins. Co.*, No. 10-cv-0668-RSM, 2011 WL 3881476, *7–9 (W.D. Wash. September 1, 2011).[1]

### A. Notice-Prejudice Rule Jurisprudence

A foundation of the notice-prejudice rule, as recognized by the Ninth Circuit, includes regular application to "proof of loss" provisions within insurance policies:

> The "proof of Total Disability" requirement is similar in form and function to the kinds of "proof of claim" and <u>"proof of loss" provisions to which the notice-prejudice rule is regularly applied</u>. *See Id*. at 117; *Zuckerman*, 650 P.2d at 445; *cf. Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir.), *cert. denied*, 528 U.S. 964, 145 L. Ed. 2d 310, 120 S. Ct. 398 (1999) (explaining that the phrase "satisfactory written proof" may be considered "a variant of the very old phrase 'satisfactory proof of loss'").

*Carrington Estate Planning Servs. v. Reliance Std. Life Ins. Co.*, 289 F.3d 644, 647 (9th Cir. 2002) (emphasis added).[2]

The purpose of the notice-prejudice rule is to prevent insurers from elevating form over substance, or technicality over manifest justice, because a claim denial based only on strict adherence to timing provisions within a policy, where <u>no prejudice to an insurer has been proven to exist</u>, would amount to "technical forfeiture … unrelated to the merits of [a] claim." *Id*. at 648 (finding that "enforcement of the requirement that *notice of disability* be received within one year from the date it began would result in a technical forfeiture of the policy's benefits unrelated to the merits of Carrington's claim").

Nor is the standard recognized by the Ninth Circuit different from the notice-prejudice rule that has been acknowledged for decades in Washington:

> The notice/prejudice rule developed in an attempt to avoid the perceived unfairness of denying coverage for failure to comply with a notice provision if the insurer was not prejudiced by that failure. R. Keeton & A. Widiss, *Insurance Law* § 7.2(e)(2), at 764 (1988). Because notice provisions exist to prevent insurers from being prejudiced by their insureds' dilatory filing

---

[1] A highlighted copy of Judge Martinez's ruling in *George* is attached for the Court's convenience. Plaintiff respectfully requests that the Court take into account the cogent reasoning set forth in *George* and reconsider its ruling granting partial summary judgment to NWM.

[2] Unless otherwise indicated, all further emphasis is also added.

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 2

of claims, to allow the denial of coverage where untimely notice of a claim does not prejudice the insurer would be to elevate form over substance. R. Keeton & A. Widiss, at 763-64. Thus, the notice/prejudice rule was created fundamentally to preserve the insured's coverage in those cases where the lack of notice does not prejudice the insurer. *See Oregon Auto,* at 376-77; *Thompson,* at 163.

*Safeco Title Ins. Co. v. Gannon*, 54 Wn. App. 330, 336–337 (Wash. Ct. App. June 5, 1989).

Nor is this a case that the notice-prejudice rule does not reach, as when an insured files a claim <u>after coverage has been terminated</u>, whereby the claimant is effectively and improperly trying to receive coverage *"*gratis," as this Court has explained:

> Plaintiff contends that the notice/prejudice rule applies to the policy at issue. The notice/prejudice rule requires insurers to show actual prejudice when denying coverage for lack of timely notice. *See Gannon*, 54 Wn. App at 336; *see also Oregon Auto Ins. Co. v. Salzberg*, 85 Wn.2d 372, 377, 535 P.2d 816 (1975). The court in *Gannon*, however, explicitly held that the notice/prejudice rule does not apply to "claims made" policies. 54 Wn. App. at 336. This is because, "[i]f a court were to allow an extension of reporting time after the end of the policy period, such is tantamount to an *extension of coverage* to the insured gratis, something for which the insurer has not bargained." *Id.* (quoting *Gulf Ins. Co. v. Dolan, Fertig & Curtis*, 433 So. 2d 512, 515-16 (Fla. 1983)). Therefore, since the policy at issue is a "claims made" policy, the notice/prejudice rule does not apply.

*Moody v. Am. Guarantee & Liab. Ins. Co.*, 804 F. Supp. 2d 1123, 1125 (W.D. Wash. 2011) (italics in original).[3]

Instead, this case simply presents a run-of-the-mill scenario where the claimant had faithfully paid his premiums and was still covered under his policy—but he just filed a routine late claim. In other words, this is <u>precisely the sort of case covered</u> by the notice-prejudice rule. And to further confirm this, beyond any possible shadow of rational doubt, this Court applied Washington's notice-prejudice rule in *virtually identical circumstances*

---

[3] The "claims made" phrase is perhaps confusing—but looking to the context of *Gannon*, from which this Court coined/applied that phrase, the issue is clearly about <u>termination of coverage</u>. That is, the notice-prejudice rule does not extend "claims made" after the termination of coverage, in order to make lapsed coverage claims whole: "While there are sound reasons for applying the notice/prejudice rule to the typical notice provision in an occurrence policy, those reasons do not apply with equal force to the notice provision in the claims after <u>termination clause</u> at issue here." *Gannon*, 54 Wn. App. at 336.

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

involving the same "proof of loss" provision within a NWM policy:

> The proof of loss provisions contained in Dr. George's disability policies are similar to the notice of claim provisions, except that several of them have outer time limits …. The fourth policy provides that, "[i]n any event, the proof required must be given no later than *one year and 90 days* after the end of each monthly period for which benefits are claimed unless the Owner was legally incapacitated."
>
> ….
>
> Dr. George is claiming benefits prior to July/April 2006, so he has breached the contract provision providing that he will submit proof of loss within 1 year/1 year and 90 days.
>
> Although Dr. George has undisputedly failed to comply with three of the contracts' proof of loss provisions, under Washington's notice-prejudice rule, an insurer may not deny benefits on the basis of the insured's failure to comply with the policy unless it can show actual prejudice caused by the delay. *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wash.2d 372, 535 P.2d 816 (1975); *Safeco Title Ins. Co. v. Gannon*, 54 Wash. App. 330, 336, 774 P.2d 30 (1989). The notice-prejudice requirement applies to disability insurance claims, *Kaplan*, 100 Wash. App. at 579, and "[t]he existence of prejudice is ordinarily a question of fact and the burden of proof is on the insurer," *id.* at 578.
>
> NW states that it was prejudiced by Dr. George's failure to comply with the proof of loss provisions because filing the claim so many years after the onset of the injury prevented it from: "conducting its own independent medical examination of Dr. George while he was working …."
>
> ….
>
> Nonetheless, NW bears the burden of proving that it suffered prejudice as a result of Dr. George's breach of his insurance contracts. *Canron, Inc. v. Federal Ins. Co.*, 82 Wn.App. 480, 485, 918 P.2d 937 (1996). Prejudice in this context is "ordinarily a question of fact". *Id.* Here, there is a disputed issue of material fact regarding whether NW suffered prejudice by Dr. George's failure to submit proof of loss during the time period required under the polices. The record is not so substantial in NW's favor that no reasonable jury could find that NW was not so prejudiced. Accordingly, summary judgment is inappropriate on this issue.

*George*, 2011 Westlaw 3881476, *7–9 (underlining added, italics in original).

Quite plainly, considering the undisputed failure of a claimant to meet the exact same "proof of loss" provision in a NWM disability policy,[4] this very Court has

---

[4] The Court quotes a "proof of loss" provision in Dr. Hsu's policy that *is identical* to the "fourth policy" provision quoted by the Court above, applying to Dr. George. Dkt. 38 at 5:21–22.

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

applied Washington's notice-prejudice rule in the manner that the Ninth Circuit has observed to be "regularly applied" across the nation. *Carrington*, 289 F.3d at 647.[5]

### B. The Court Correctly Ruled that NWM Cannot Show Prejudice as a Matter of Law

The Court properly denied summary judgment on the issue of "Prejudice." Dkt. 38 at 6–7. Specifically, "[t]he Court denie[d] summary judgment on the issue of whether Dr. Hsu's late notice prejudiced NWM." *Id.* at 7:7–8. And the Court appropriately cites to Washington's notice-prejudice rule in this regard: "An insured's '[n]oncompliance with a policy provision <u>does not deprive the insured of the benefits</u> of the policy unless the insured demonstrates actual prejudice resulting from the insured's noncompliance.'" *Id.* at 6:6–9 (*quoting Canron, Inc. v. Fed. Ins. Co.*, 82 Wn. App. 480, 485 (1996)).

### C. The Court Should Reconsider Its Ruling on the "Claim Period" Issue to Reconcile It with the Court's Holding on the "Prejudice" Issue

Plaintiff maintains, in respectful humility, that the Court's holdings on "Prejudice" and "Claim Period," within <u>the same Order section on "Timeliness</u>," cannot be rationally or legally reconciled. Dkt. 38 at 5–7. Simply put, the "Claim Period" issue is also a matter of <u>basic timeliness</u> to which Washington's notice-prejudice rule applies.

Plaintiff respectfully submits that this constitutes error, as this holding is at odds with relevant notice-prejudice rule jurisprudence, including Judge Martinez's decision in virtually identical circumstances in *George*. Indeed, the Court properly cited to *Canron* in denying summary judgment in the context of the same NWM "proof of loss" provision in *George*, 2011 WL 3881476, *9, yet the Court does not appear to have fully applied *Canron* to this case despite the presence of an identical "proof of loss" provision quoted within the "Claim Period" section.

As noted, the Ninth Circuit considers "proof of loss" provisions as among the "provisions to which the notice-prejudice rule is <u>regularly applied</u>." *Carrington*, 289 F.3d

---

[5] The Ninth Circuit surveyed not only its own precedent in *Carrington* but state holdings, too, to support the conclusion that the notice-prejudice rule is commonly or "regularly applied" to "proof of loss" provisions like the one at issue in this case, to which the Court properly applied the state's notice-prejudice rule in *George*.

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 5

at 647 (emphasis added). Moreover, the Ninth Circuit functionally equates "notice of disability" to "proof of loss"—*i.e.*, after first noting the similitude of a "proof of loss" provision to the specific provision under consideration in *Carrington*, the Ninth Circuit proceeded to explain that "enforcement of the requirement that <u>notice of disability</u> be received within one year from the date it began would result in a technical forfeiture of the policy's benefits unrelated to the merits of Carrington's claim." *Id.* at 647–48. This manifests the unreasonableness and legal impropriety of drawing any substantive distinction between NWM's "notice" and "proof of loss" provisions, which the Court properly declined to do in *George*.

As presently constituted, however, the grant of summary judgment on the "Claim Period" issue amounts to a technical forfeiture of any benefits prior to March 2018, despite the <u>lack of any consideration on whether NWM was actually prejudiced</u> by Dr. Hsu's late submission of proof of loss. Nor could prejudice possibly apply to what the Court itself styles as a sub-issue of "Timeliness," since the Court already "denie[d] summary judgment on the issue of whether Dr. Hsu's late notice prejudiced NWM." Dkt. 38 at 7:7–8.

In sum, the issue before the Court now, as to Dr. Hsu's timeliness in satisfying <u>both</u> the "notice of claim" and "proof of loss" provisions in his policy, boils down to what the Court has already recognized: "An insured's '[n]oncompliance with a policy provision does not deprive the insured of the benefits of the policy <u>unless the insured demonstrates actual prejudice resulting from the insured's noncompliance</u>.'" *Id.* at 6:6–9 (*quoting Canron*, 82 Wn. App. at 485). Thus, even if Dr. Hsu "did not submit any proof of claim until June 11, 2019," Plaintiff respectfully submits that the Court erred in citing noncompliance with a "proof of loss" provision without any showing of actual prejudice as the ostensible grounds to justify the forfeiture of Dr. Hsu's policy benefits prior to March 2018. *Id.* at 6:2–4 & n.1. Consequently, reconsideration and reversal of the Order's "Claim Period" grant of summary judgment is justified.

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 6

1   Respectfully submitted this 2nd day of March, 2021.

ROY LAW GROUP

*s/ Jesse Cowell*
Jesse Cowell, WSBA 50725
1000 S.W. Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
jesse@roylawgroup.com

CORR CRONIN LLP

*s/ Kelly H. Sheridan*
Kelly H. Sheridan, WSBA No. 44746
Blake Marks-Dias, WSBA No. 28169
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
(206) 625-0900 Fax
ksheridan@corrcronin.com
bmarksdias@corrcronin.com

*Attorneys for Plaintiff Tsung H. Hsu*

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 7

## **CERTIFICATE OF SERVICE**

I certify that on March 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

DATED this 2nd day of March, 2021.

>  *s/ Jesse Cowell*
> Jesse Cowell, WSBA 50725
> Roy Law Group
> 1000 S.W. Broadway, Suite 900
> Portland, OR 97205
> PH: 503.206.4313
> jesse@roylawgroup.com

PLAINTIFF'S MOTION FOR RECONSIDERATION
No. 2:20–cv–00088–TSZ

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL  503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 8